IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, GDC #758572, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:19-CV-908-WHA |
| ) | (WO) |
| ) | |
| U. S. ATTORNEY GENERAL, et al, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Petitioner, an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* action under 28 U.S.C. § 2241. While the court finds the majority of the petition rambling and unintelligible, Petitioner states that he seeks "to challenge fact that [he is] currently incarcerated in more than 1 persons custody[.]" Doc. 1 at 1.

Upon review of the instant § 2241 petition, one of numerous habeas actions recently filed by Cobble with this court, the Magistrate Judge finds that the petition is due to be dismissed for lack of jurisdiction.

### II.  DISCUSSION

As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [him] in what is alleged to be unlawful custody."). Although § 2241(d) creates an explicit exception to the exclusive "district-of-confinement" rule

— allowing that a state prisoner may, in the alternative, file in the district in which he was convicted and sentenced in state court — a federal district court lacks jurisdiction under §§ 2241(a) and (d) to entertain a state prisoner's habeas petition challenging how his sentence(s) are carried out when the facility in which the prisoner is currently incarcerated is not within the district of that federal court nor is it the court of jurisdiction for the district where the prisoner was convicted or sentenced. *See Dobard v. Johnson*, 749 F.2d 1503, 1505-07 (11th Cir. 1985).

Considering the above principles, this court lacks jurisdiction over Petitioner's current § 2241 habeas petition. Petitioner is confined in the Sumter County Jail in Americus, Georgia. As such, the district of confinement for Petitioner is indisputably the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(4). Likewise, Petitioner's conviction record reflects that he is now serving a term of imprisonment on a sentence imposed by a Georgia state court. *See* [https://dcor.state.ga.us/GDC/Offender](https://dcor.state.ga.us/GDC/Offender) (last visited November 20, 2019). Accordingly, § 2241(d) directs that the only courts with potential jurisdiction to entertain Petitioner's instant habeas petition are federal courts in Georgia. Thus, because this court lacks jurisdiction under § 2241(d), the petition is subject to dismissal and the court finds the "interests of justice" do not warrant transfer of this case to a federal court in Georgia.[1] *See* 28 U.S.C. § 1406(a).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for lack of jurisdiction.

It is further

---

[1] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Petitioner's well-documented "practice of frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia. *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M. D. Ga. 2019) (Doc. 5) (sanctioning Petitioner from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.).

ORDERED that **on or before December 4, 2019**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the factual findings and legal conclusions set forth in the Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 20th day of November 2019.

   /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE